IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:19-CR-40070-HLT |
| KEVIN HENDERSON (01),<br>KENNETH SHORTER (02),<br>WAYNE INGRAM (03),<br>QUINTON SHORTER (04),<br>SHIRLEY MOTON (05), | |
| Defendants. | |

### ORDER

The United States brought a motion to designate this case complex, continue the jury trial, set a litigation schedule, and modify the pretrial order. Doc. 4. The Court held a scheduling and status conference on September 19, 2019, and received argument and commentary on the government's requests. For the reasons set forth below, the Court granted the motion in part, denied without prejudice the motion in part, and deferred ruling in part. This order memorializes the Court's findings and rulings previously stated on the record and in open court and incorporated by reference herein.

The government moved to continue the jury trial pursuant to Title 18, United States Code, Section 3161(h)(7) based on the ends of justice, and more specifically, the unusual and complex nature of the case.[1] In summary, the Court found the case to be so unusual and complex that a continuance outweighs the interests of the public and the defendants in a speedy trial. Further,

---

[1] 18 U.S.C. § 3161(h)(7)(B)(ii).

upon individual inquiry, the Court found that the above-captioned and present defendants did not object to the government's request. The Court granted this request.

The government further moved to set a litigation schedule outlined in Doc. 4. The Court found that based on the nature and circumstances of the case, establishment of a litigation schedule at this stage of the proceedings was premature. Upon suggestion of the Court, and without objection by the government or the defendants, the Court set a scheduling and status conference for January 15, 2020. As such, the Court denied without prejudice the government request to set a litigation schedule.

The government further moved to modify the pretrial order and extend its obligation to produce discovery to within sixty days of arraignment, acknowledging that rolling discovery will likely continue past the sixty-day initial disclosure. Doc. 4. The Court found this request was unopposed. As such, the Court granted this request.

The government further moved to stagger scheduling and status conference such that not more than 25 indicted persons were required to attend court on any given date. The Court found this request was unopposed. As such, the Court granted this request, conditioned on the Court's discretion to manage its calendar and appearances as necessary.

Finally, the government moved for the issuance of a protective order pursuant to Federal Rule of Criminal Procedure 16(d). The Court found that the government has not yet submitted its written *ex parte* statement as prescribed in Federal Rule of Criminal Procedure 16(d) and deferred ruling on this issue.

THE COURT THEREFORE ORDERS that the government's motion (Doc. 4) is GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART, and DEFERRED IN PART. The Court GRANTS the government's motion for continuance and complex case designation

pursuant to 18 U.S.C. § 3161(h)(7). The Court DENIES WITHOUT PREJUDICE the government's motion to adopt its proposed litigation schedule. The Court GRANTS the government's motion to modify the pretrial order and extend the production deadline for discovery. The government is to produce discovery within sixty days of arraignment. The Court GRANTS the government's motion to limit appearance to not more than 25 indicted persons on any given date, subject to the Court's discretion to manage its calendar and appearances as it deems necessary. And the Court DEFERS RULING on the government's motion to grant a protective order.

THE COURT FURTHER ORDERS that a scheduling and status conference be set for January 15, 2020, at 10:30 a.m.  The Court excludes the period of delay from September 19, 2019 to January 15, 2020 pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED.

Dated: September 27, 2019                    /s/ *Holly L. Teeter*
                                             HOLLY L. TEETER
                                             UNITED STATES DISTRICT JUDGE